Judge: Timothy W. Dore
Chapter: 13
Hearing Date: July 01, 2026
Hearing Time: 9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle, WA 98101

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

MEGAN ELAINE MISSMER,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 26-10770-TWD

TRUSTEE'S OBJECTION TO
CONFIRMATION

The Trustee objects to confirmation of the debtor's plan filed May 25, 2026 (ECF No. 33):

1) The debtor is delinquent on her plan payments in the amount of $10,450.00. The debtor needs to make timely monthly plan payments to the Trustee not later than 30 days after the earlier of the date of the filing of the plan or of the order for relief in the amount proposed by the plan to the trustee. 11 U.S.C. §1326(a)(1)(A). The debtor's plan payments are $4,650.00 monthly (ECF No. 33, Section II). The petition date is March 13, 2026 (ECF No. 1), so three plan payments totaling $13,950.00 have come due (4,650.00 X 3). To date, the Trustee has received a total of $3,500.00. Accordingly, the debtor is delinquent on her plan payments in the amount of $10,450.00 (13,950 – 3,500).

2) The debtor needs to provide 12% interest for the pre-petition arrears on the homeowners' association dues with Lake Meridian Ridge Owners' Association (ECF Claim No. 4). The debtor's plan provides for a 0% interest for the cure payments to Lake Meridian Ridge Owners' Association (ECF No. 33, Section IV.C.8.). Absent another "established nonusurious rate," Homeowners' Associations are entitled to the maximum rate permitted under RCW 19.52.020 on delinquent

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

assessments on the date on which the assessments became delinquent. Wash. Rev. Code §64.34.364(13). This maximum interest rate is 12%. Wash. Rev. Code. 19.52.020(1). The proof of claim filed by Lake Meridian Ridge Owners' Association (ECF Claim No. 4) provides for an interest rate of 12%. Accordingly, the debtor needs to amend the plan to provide for 12% interest for the pre-petition arrears on the homeowners' association dues with Lake Meridian Ridge Owners' Association.

3) The debtor needs to amend the plan to remove the first nonstandard provision in the plan because it is inappropriate. The first nonstandard provision states that the "HUD is paid outside the plan; lien retained" (ECF No. 33, Section X.1.). This provision is inappropriate; Section V. of the plan already addresses direct payments to be made by the debtor and not by the Trustee. The Court has the authority to make rules governing practice and procedure. Fed. R. Bankr. P. 9029(a). The Court has exercised that authority by requiring that debtors' plans shall conform to Local Bankruptcy Form 13-4, the Court's form Chapter 13 plan. Local R. Bankr. 3015-1(a). While the Court allows nonstandard provisions to be included in Section X. of the form plan, those nonstandard provisions should be essential provisions for the case and not merely superfluous language that serves no constructive purpose. *See* Local Bankr. R. 3015-1(b). "Adding language to the form plan, even innocuous language with no effect on parties' rights or actions, serves only to increase the burden on the court, trustee, and creditors to ferret out and interpret whatever provisions a debtor may choose to add." *In re Madera*, 445 B.R. 509, 519 (Bankr. D. S.C. March 1, 2011). It is not appropriate for the debtor to refrain from using the section of the plan specifically designated for direct payments and instead address the claim with a nonstandard provision. The debtor should remove the inappropriate language from Section X.1. of the plan and address the claim of the U.S. Department of Housing and

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

Urban Development (ECF Claim No. 1) in the appropriate section.

4) The debtor needs to remove the second nonstandard provision of the plan because it is superfluous. The debtor's plan includes a second nonstandard provision that states that "Cure amounts in Sec IV.C.8. include pre-petition arrears per the POC plus April + May missed installments" (ECF No. 33, Section X.2). This provision does not actually clarify what specific claims the provision is referring to. Furthermore, even if the specific claims were clarified, the provision would still be inappropriate. The debtor's plan already provides for monthly ongoing and cure payments to Loancare Servicing and Lake Meridian HOA (ECF No. 33, Section IV.C.8.). If the "April + May missed installments" refer to the claims of Loancare Servicing (ECF Claim No. 4) and Lake Meridian HOA (ECF Claim No. 3), then the monthly payments are already given treatment under the plan. Accordingly, this nonstandard provision is superfluous and serves no constructive purpose. Language in a plan that serves no constructive purpose should be removed. *In re Madera*, 445 B.R. 509, 520 (Bankr. D. S.C. March 1, 2011). The debtor needs to amend the plan to remove the second nonstandard provision.

5) The debtor needs to remove the third nonstandard provision from the plan. The debtor's plan states that "Debtor has paid $3,500.00 to the Trustee to date; that sum shall be credited to plan funding" (ECF No. 33, Section X.3.). As stated above, the debtor's plan already provides for monthly payments of $4,650.00 (ECF No. 33, Section II) and the debtor is delinquent on her plan payments in the amount of $10,450.00. Because the plan already provides for the debtor to make plan payments, this provision is superfluous and serves no constructive purpose. Language in a plan that serves no constructive purpose should be removed. *In re Madera*, 445 B.R. 509, 520 (Bankr. D. S.C. March 1, 2011). The debtor needs to amend the plan to remove the third nonstandard provision.

TRUSTEE'S OBJECTION TO CONFIRMATION - 3

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

6) The debtor needs to amend the plan to remove the fourth nonstandard provision. The debtor's plan states that "Monthly plan payments are due on the 13th of each month; next payment due June 13, 2026 and to continue for a total of 58 months" (ECF No. 33, Section X.4.). This provision is inaccurate and inappropriate. The debtor needs to make timely monthly plan payments to the Trustee not later than 30 days after the earlier of the date of the filing of the plan or of the order for relief in the amount proposed by the plan to the trustee. 11 U.S.C. §1326(a)(1)(A). Accordingly, with a petition date of March 12, 2026 (ECF No. 1), the first plan payment is due on April 11, 2026. Furthermore, if the debtor's plan was to be completed at a date different from the 60 month applicable commitment period, such as if the debtor were to pay off all claims in full, then the nonstandard provision would be inappropriate as it would require the payments to continue. This provision is also superfluous, as it does not provide instructions for the administration of the plan. As detailed above, language in a plan that serves no constructive purpose should be removed. *In re Madera*, 445 B.R. 509, 520 (Bankr. D. S.C. March 1, 2011). The debtor needs to amend the plan to remove the fourth nonstandard provision.

7) Based on the removal of all four nonstandard provisions in the plan explained above, the debtor will also need to amend the plan to mark "No" in Section I.A. of the plan.

8) Based on the filed claims, the debtor's plan is not feasible. The Trustee currently estimates that that plan payment will need to increase to at least $4,760.00 per month.

9) The proposed order attached to the debtor's Motion to Confirm Amended Plan is inappropriate. The proposed order states that the amended plan is confirmed and includes provisions that detail payments that contradict the terms in the filed plan, namely that plan payments are due commencing June 13, 2026 (ECF No. 39). First, the debtor needs to revise their form of order, as the Court uses its

TRUSTEE'S OBJECTION TO CONFIRMATION - 4

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

own confirming order. It is therefore not appropriate for the attached proposed order to confirm the plan. Second, as stated above, the debtor needed to make timely monthly plan payments to the Trustee not later than 30 days after the earlier of the date of the filing of the plan or of the order for relief in the amount proposed by the plan to the trustee. 11 U.S.C. §1326(a)(1)(A). As such, plan payments were due April 2026. It is therefore not appropriate for plan payments to "commence" on June 13, 2026. The proposed order attached to the debtor's Motion to Confirm Amended Plan is inappropriate and should not be entered.

10) It does not appear that the debtor properly served the Motion to Confirm Amended Plan (ECF No. 39). The proof of service filed by the debtor states that the debtor served "Chapter 13 Plan" and "Notice of Confirmation Hearing" on creditors (ECF No. 40). It is unclear if the debtor served the Motion to Confirm Amended Plan itself and the proposed order attached to the motion. In any proceeding which is to be accorded finality, due process required notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co. et al.*, 339 U.S. 306, 314 (1950). Creditors are entitled to notice of the debtor's case so that they can participate. "The purpose of requiring a debtor to list his creditors with their proper address is to permit notice to be given to the creditors of the bankruptcy filing so that they may have an opportunity to avail themselves of the rights afforded them by the Bankruptcy Code." *In re Kleather*, 208 B.R. 406, 410 (Bankr. S.D. Ohio 1997) (citations and quotations omitted). The debtor needs to properly serve creditors and file proof of said service.

11) The debtor needs to further amend Schedule J to remove the debtor's mortgage payments and homeowner's association dues. The debtor's amended schedule J claims $1,795.00 in monthly

TRUSTEE'S OBJECTION TO CONFIRMATION - 5

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

Case 26-10770-TWD    Doc 45    Filed 06/23/26    Ent. 06/23/26 12:49:07    Pg. 5 of 6

mortgage expenses and $650.00 in monthly homeowner's association dues (ECF No. 36, Sch J). As stated in the Trustee's prior objection to confirmation (ECF No. 23), the claims of Lake Meridian Ridge Owners' Association (ECF Claim No. 3) and Lakeview Loan Servicing (ECF Claim No. 4) are being paid through the debtor's plan payments. It is therefore not appropriate for the debtor's Schedule J to include these expenses. The debtor needs to amend Schedule J to remove these two expenses are commit the debtor's net income into the plan payment.

12) The debtor did not provide the Trustee with statements for all of the debtor's depository and investment accounts for the time period that includes the date of filing, as required by the agreed order entered on May 19, 2026 (ECF No. 32) and by Local Bankruptcy Rule 4002-1 and Fed. R. Bankr. P. 4002(b)(2)(B). The debtor needs to provide a copy of her Chase Bank Checking Account which evidences the balance in the account as of the petition date (ECF No. 15, Sch. A/B).

13) In sum, the debtor's plan does not satisfy the requirements of 11 U.S.C. § 1325.

14) The Trustee reserves the right to assert additional bases for this objection.

THE TRUSTEE REQUESTS:

That the Court deny confirmation of the debtor's plan and, if appropriate, set deadlines for debtor to file and note a feasible amended plan.

Dated: June 23, 2026        */s/  Alan X. Yang*, WSBA #62891 for
                                    Jason Wilson-Aguilar
                                    Chapter 13 Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION - 6

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

Case 26-10770-TWD    Doc 45    Filed 06/23/26    Ent. 06/23/26 12:49:07    Pg. 6 of 6